IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN RE: | ) |
| | ) |
| WILLIAM R. DYKE | ) Case No. 06-40333-13-ABF |
| | ) |
| Debtor. | ) |

ORDER GRANTING TRUSTEE'S MOTION
TO DENY CONFIRMATION OF THE CHAPTER 13 PLAN
AND SUSTAINING TRUSTEE'S SUPPLEMENTAL
OBJECTION TO CHAPTER 13 PLAN

Debtor William R. Dyke filed his Chapter 13 Petition on February 16, 2006 and, therefore, his case is governed by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA).[1] Along with his Petition, the Debtor submitted a Form B22C which shows he is an above-median debtor and that he has $223.55 in monthly disposable income under § 1325(b)(2). He proposes a "60-month disposable income POT plan," with a "pot" of $13,413 to paid to unsecured creditors based on his Form B22C disposable income calculation of $223.55 multiplied by sixty months.

The Chapter 13 Trustee asserts the Plan cannot be confirmed because the Debtor is improperly claiming a vehicle ownership expense deduction under the I.R.S. Local Standards on his Form B22C for a vehicle he does not own or owns free of liens and, therefore, he is not committing all of his disposable income to the Plan in violation of § 1325(b)(1)(B).

Section 1325(b)(1)(B) of the Bankruptcy Code provides that the Court may not confirm a Chapter 13 plan if the trustee or holder of an allowed unsecured claim objects to

---

[1] S. 256, Pub.L. 109-8, 119 Stat. 23 (2005), applicable to cases filed after October 17, 2005.

confirmation unless, as of the effective date of the plan, "the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that th e first payment is due under the plan will by applied to make payments under the plan."[2]  For above-median debtors,  the term "disposable income" means "current monthly income received by the debtor . . . less amounts reasonably necessary to be expended" in accordance with § 707(b)(2)(A) and (B),[3] which incorporate the IRS Local Standards for transportation expenses.

The Debtor in this case asserts he is entitled to claim an ownership expense deduction allowed under the IRS Standards, regardless of whether he is actually incurring ownership costs for a vehicle.  The Chapter 13 Trustee disagrees, asserting that the Debtor is permitted to claim ownership expenses only if he is actually incurring those costs.

This Court recently addressed this precise issue in the case of *In re Daniel M. McGuire and Priscilla F. McGuire*,[4] and held, among other things, that debtors are only permitted to claim vehicle ownership expenses on their Form B22C if they are actually incurring ownership expenses; they may not claim the deduction for vehicles they do not own or own free of liens. Accordingly, because the Debtor in this case owns his vehicle free of liens, he is not permitted to claim ownership expenses on his Form B22C.

---

[2]  11 U.S.C. § 1325(b)(1)(B).

[3]  11 U.S.C. § 1325(b)(2).

[4]  No. 06-60054, slip op. (Bankr. W.D. Mo. June 1, 2006).  This Memorandum Opinion may be found via ECF or at this Court's website at www.mow.uscourts.gov.

However, as noted in the Trustee's Supplemental Objection in this case, it appears the Debtor may be entitled to claim an additional operating expense in this case because the car is more than six years old or has more than 75,000 miles.[5] And, if the Debtor's actual circumstances subsequently change, he may later move to amend his Plan accordingly.[6]

ACCORDINGLY, for the reasons stated in this Court's Memorandum Opinion in the *McGuire* case, *supra*, the Trustee's Motion to Deny Confirmation of the Debtor's Chapter 13 Plan is GRANTED and the Trustee's Supplemental Objection to Confirmation is SUSTAINED. The Debtor is directed to file an amended Form B22C and Amended Plan within 20 days from the date of this Order.

IT IS SO ORDERED.

/s/ Arthur B. Federman
Bankruptcy Judge

Date: 6/4/06

---

[5] *See In re McGuire*, at 9-10; Internal Revenue Manual, Future Income § 5.8.5.5.2.

[6] *Id*. at 10-11.